UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| **MITCHELL MUSTAINE** | : | Case No. 3:20CV00504 |
| 1736 Emerson Avenue | : | |
| Dayton, OH 45406 | : | Judge |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | |
| | : | |
| **MONTGOMERY COUNTY BOARD** | : | |
| **OF COUNTY COMMISSIONERS** | : | |
| In its official capacity | : | |
| 451 W. Third Street | : | |
| Dayton, OH 45422 | : | |
| | : | |
| and | : | |
| | : | |
| **MONTGOMERY COUNTY COURT** | : | |
| **OF COMMON PLEAS** | : | |
| 41 North Perry Street | : | |
| Dayton, OH 45422 | : | |
| | : | |
| and | : | |
| | : | |
| **JUDGE RICHARD SKELTON,** | : | |
| In his individual and official | : | |
| capacities | : | |
| 41 North Perry Street | : | |
| Dayton, OH 45422 | : | |
| | : | |
| Defendants. | : | |

_____

**COMPLAINT AND JURY DEMAND**
_____

Plaintiff Mitchell Mustaine, for his Complaint against Defendants Montgomery County Board of County Commissioners, Montgomery County Court of Common Pleas, and Judge Richard Skelton, states as follows:

## I. PRELIMINARY STATEMENT

1. This is a civil rights action arising out of Plaintiff Mitchell Mustaine's employment with Defendants. Mr. Mustaine alleges that he was unlawfully terminated because of his disability and in retaliation for requesting a medical leave of absence.

2. Mr. Mustaine's claims arise under the Rehabilitation Act, Family and Medical Leave Act, 42 U.S.C. § 1983, and the Ohio Civil Rights Act.

3. Mr. Mustaine seeks relief for the aforementioned acts and/or omissions in the form of compensatory damages for both his economic and non-economic injuries. He also seeks liquidated and/or punitive damages, equitable relief in the form of reinstatement or front pay, and his reasonable attorney fees and costs in prosecuting this matter.

## II. JURISDICTION AND VENUE

4. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 to secure protections and redress deprivations of rights conferred by the Rehabilitation Act, FMLA, and 42 U.S.C. § 1983. This Court may assume supplemental jurisdiction over Mr. Mustaine's state law claims pursuant to 28 U.S.C. § 1367 because those claims derive from the same nucleus of operative facts as his federal claims.

5. Venue with this Court is appropriate because all or part of the claim for relief arose in the Southern District of Ohio.

## III. PARTIES

6. Plaintiff Mitchell Mustaine is a United States citizen and a resident of Montgomery County, Ohio. Mr. Mustaine was employed as a Judicial Assistant at the Montgomery County Court of Common Pleas for Judge Richard Skelton. Mr. Mustaine is disabled as that term is defined by the Rehabilitation Act and Ohio Civil Rights Act.

7. Defendant Montgomery County Board of County Commissioners make up the administrative body for Montgomery County. The Montgomery County Board of County Commissioners employed Mr. Mustaine.

8. Defendant Montgomery County Court of Common Pleas is a judicial body created, organized, and operated under the auspices of O.R.C. § 2301 *et seq*. In addition to its judicial functions, the Court maintains, operates, supervises, and exercises administrative control over Court personnel.

9. Judge Richard Skelton is a judge who was elected to the Montgomery County Court of Common Pleas. Judge Skelton has held his seat in the Montgomery County Court of Common Pleas since January 2015.

## IV. STATEMENT OF THE CASE

10. Mr. Mustaine began working for Judge Skelton in January 2014 as a paralegal at Skelton Law, LPA.

11. Around that time, Judge Skelton began campaigning for a seat on the Montgomery County Court of Common Pleas.

12. In November 2014, Judge Skelton won the election for a seat on the Montgomery County Court of Common Pleas.

13. Defendants hired Mr. Mustaine in January 2015 as a Judicial Assistant to Judge Skelton. Throughout Mr. Mustaine's employment, he received regular performance reviews and raises.

14. While employed by Defendants, Judge Skelton regularly required Mr. Mustaine to perform work outside of his regular job duties.

15. For example, Judge Skelton required Mr. Mustaine to perform manual labor, such as mowing his lawn, landscaping, moving furniture at Judge Skelton's residence, as well as closing down Judge Skelton's private law office.

16. In May 2017, Mr. Mustaine underwent shoulder surgery to repair a torn labrum. Following the procedure, Mr. Mustaine required a medical leave of absence for approximately six weeks.

17. During the rehabilitation for his shoulder, Judge Skelton constantly contacted Mr. Mustaine to criticize him for his use of leave.

18. When Mr. Mustaine returned from shoulder surgery, he endured constant mental and physical abuse from Judge Skelton.

19. In or about April 2018, Mr. Mustaine was diagnosed with atypical depression, reactive depression, and PTSD because of the treatment he received from Judge Skelton. Because of this, Mr. Mustaine required occasional leave to care for his PTSD.

20. On one occasion while Mr. Mustaine was on leave to treat for his PTSD, Judge Skelton demanded that he return to work before his scheduled leave had concluded. Mr. Mustaine succumbed to Judge Skelton's demand.

21. In the summer of 2018, Mr. Mustaine underwent surgery on his wrist and required another medical leave of absence.

22. Much like when he took leave for shoulder surgery in 2017, Judge Skelton constantly contacted Mr. Mustaine to criticize him for his use of leave. Ultimately, Mr. Mustaine returned to work following his medical leave of absence without restriction.

23. In or about June 2018, Mr. Mustaine underwent a biopsy to test for prostate cancer. The initial results were positive for prostate cancer. In order to confirm the diagnosis, Mr. Mustaine's physician ordered a second biopsy.

24. When Mr. Mustaine told Judge Skelton of the diagnosis and that he required the second biopsy, Judge Skelton remarked: "Oh great, just what you need, more appointments."

25. On December 17, 2018, Mr. Mustaine's physician confirmed the diagnosis of prostate cancer.

26. Shortly thereafter, Mr. Mustaine informed Judge Skelton of his diagnosis, and that he would need time off for surgery to treat his prostate cancer.

27. On December 21, 2018, Defendants terminated Mr. Mustaine. During his termination meeting, Judge Skelton told Mr. Mustaine that he had no use for him because of his health issues.

28. Defendants terminated Mr. Mustaine because of his disability and because Mr. Mustaine notified Defendants that he would require medical leave.

29. The acts and/or omissions of Defendants were taken intentionally, maliciously, and purposefully, with a conscious disregard for Mr. Mustaine's rights under federal and state civil rights laws.

30. As a direct and proximate result of Defendants' actions, Mr. Mustaine has suffered and will continue to suffer damages from lost income and benefits, emotional distress, and damage to his professional reputation.

## VI.  STATEMENT OF THE CLAIMS

### Count 1: Disability Discrimination
### (29 U.S.C. § 701, Ohio Rev. Code § 4112.02)

31. Plaintiff incorporates paragraphs 1 through 30 as if fully rewritten herein.

32. Mr. Mustaine suffers from a disability.

33. Mr. Mustaine is qualified to perform the essential functions of his position with a reasonable accommodation.

34. Defendants terminated Mr. Mustaine because of his disability.

35. As a result of Defendants' illegal actions, Mr. Mustaine has suffered damages including lost wages and emotional distress.

36. Defendants acted with malice and a conscious disregard for Mr. Mustaine's federally protected rights.

### Count 2: Disability Discrimination
### (42 U.S.C. § 1983)

37. Plaintiff incorporates paragraphs 1 through 36 as if fully rewritten herein.

38. Mr. Mustaine suffers from a disability.

39. Mr. Mustaine is qualified to perform the essential functions of his position with a reasonable accommodation.

40. Defendants terminated Mr. Mustaine because of his disability.

41. There is no rational basis for Defendants' action that treated him differently because of his disability.

42. As a result of Defendants' illegal actions, Mr. Mustaine has suffered damages including lost wages and emotional distress.

43. Defendants acted with malice and a conscious disregard for Mr. Mustaine's federally protected rights.

### Count 3: Failure to Accommodate
### (29 U.S.C. § 701 and Ohio Rev. Code § 4112.02)

44. Plaintiff incorporates paragraphs 1 through 43 as if fully rewritten herein.

45. Mr. Mustaine suffers from a disability.

46. Mr. Mustaine was otherwise qualified to work for Defendants with a reasonable accommodation.

47. Defendants were aware of Mr. Mustaine's disability.

48. Mr. Mustaine requested an accommodation in the form of a medical leave of absence to care for his disability.  The accommodation is reasonable because the medical leave of absence would allow him to perform the essential functions of his job and would not unduly harm Defendants.

49. A causal connection exists between Mr. Mustaine's disability and the request for accommodation.

50. Defendants failed to provide the necessary accommodation, and did not propose a reasonable, alternative accommodation that would allow Mr. Mustaine to perform the essential functions of his position.

51. As a result of Defendants' illegal actions, Mr. Mustaine has suffered damages including lost wages and emotional distress.

52. Defendants acted with malice and a conscious disregard for Mr. Mustaine's rights under federal law not to be subjected to discrimination in his employment on account of a disability.

### Count 4: Retaliation
### (29 U.S.C. § 701 and O.R.C. § 4112.02)

53. Mr. Mustaine incorporates paragraphs 1 through 52 as if fully rewritten herein.

54. Mr. Mustaine engaged in protected activity when he requested a medical leave of absence.

55. Defendants were aware of his request.

56. Defendants terminated Mr. Mustaine.

57. There is a causal connection between Mr. Mustaine's termination and his request for a medical leave of absence.

58. As a result of Defendants' illegal actions, Mr. Mustaine has suffered damages including lost wages and emotional distress.

59. Defendants acted with malice and a conscious disregard for Mr. Mustaine's rights under federal and state law not to be subjected to discrimination in his employment on account of a disability.

### Count 5: FMLA Interference
### (29 U.S.C. § 2601)

60. Plaintiff incorporates paragraphs 1 through 59 as if fully rewritten herein.

61. Mr. Mustaine was entitled to FMLA leave.

62. Mr. Mustaine requested medical leave to treat for his prostate cancer.

63. Defendants terminated Mr. Mustaine.

64. Mr. Mustaine's request for medical leave was a negative factor in Defendants' decision to terminate Mr. Mustaine's employment.

65. As a result of Defendants' actions, Mr. Mustaine suffered damages, including lost wages and other economic harm.

66. Defendants acted in bad faith.

### PRAYER FOR RELIEF

Wherefore, Mr. Mustaine demands judgment against the Montgomery County Board of County Commissioners, the Montgomery County Court of Common Pleas, and Judge Richard Skelton as follows:

1. An award of compensatory damages for all economic damages suffered by Mr. Mustaine in an amount to be determined at trial, plus interest;

2. An award of liquidated damages in an amount equal to his economic damages and interest;

3. An award of compensatory damages for all non-economic damages suffered by Mr. Mustaine in an amount to be determined at trial;

4. For an order reinstating Mr. Mustaine to his previous position with Defendants, inclusive of all pay increases and benefits to which he would have been entitled had he not been terminated, or in the alternative, an award of front pay;

5. For an award of punitive damages in an amount to be determined at trial;

6. For an award of Mr. Mustaine's reasonable attorney fees and costs;

7. For an award of any other relief in law or equity to which Mr. Mustaine is entitled under the premises.

Respectfully submitted,

**MEZIBOV BUTLER**

/s/ Brian J. Butler
Brian J. Butler (OH No. 0082675)
Daniel J. Treadaway (OH No. 0098000)
615 Elsinore Place, Suite 105
Cincinnati, OH 45202
Phone: 513.621.8800
Fax: 513.621.8833
bbutler@mezibov.com
dtreadaway@mezibov.com

*Attorneys for Plaintiff Mitchell Mustaine*

## JURY DEMAND

Plaintiff Mitchell Mustaine demands a jury trial to resolve all issues of fact related to his Complaint.

/s/ Brian J. Butler
Brian J. Butler (OH No. 0082675)
