UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

MITCHELL MUSTAINE,

    Plaintiff,

vs.

MONTGOMERY COUNTY
BOARD OF COUNTY COMMISSIONERS, *et al.*,

    Defendants.

Case No. 3:20-cv-504

District Judge Michael J. Newman
Magistrate Judge Peter B. Silvain, Jr.

---

**ORDER: DENYING DEFENDANT MONTGOMERY COUNTY BOARD OF COUNTY COMMISSIONER'S MOTION FOR JUDGMENT ON THE PLEADINGS (DOC. NO. 21)**

---

This case is before the Court on Defendant Montgomery County Board of County Commissioners's (the "Board's") motion for judgment on the pleadings. Doc. No. 21. The motion is fully briefed and now ripe for review. For the following reasons, the Court will **DENY** the Board's motion.

I.

Plaintiff is a former administrative assistant for Defendant Judge Richard Skelton, a Montgomery County, Ohio Court of Common Pleas judge. Doc. No. 12 at PageID 55. Judge Skelton allegedly fired Plaintiff after he requested medical leave following a cancer diagnosis and

in retaliation for previous medical leave requests. *Id.* at PageID 57. Plaintiff sued Judge Skelton and the Board for violations of the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 701, *et seq.*, and Judge Skelton in his individual capacity under 42 U.S.C. § 1983. *Id.* at PageID 58–61.[1]

---

[1] Plaintiff also initially sued the Montgomery County Court of Common Pleas but later dropped it from this case. Doc. Nos. 12, 16.

The current motion asks whether the Board should be a party to this suit.  Doc. No. 21.[2] The Board argues that it was not Plaintiff's employer because the Board -- as a statutorily created legislative body -- does not have the power to hire, fire, or oversee the work of Common Pleas Court employees.  *Id.* at PageID 106.  Plaintiff responded by attaching to his opposition memorandum e-mails he exchanged with a human resources representative employed by Montgomery County about his remedial options following his termination.  Doc. No. 23-1 at PageID 119–22.  He claims these e-mails show the Board had sufficient control over the terms of his employment to be considered an "employer" for purposes of FMLA liability.  Doc. No. 23 at PageID 116.  The Court will review the parties' arguments in turn.

## II.

Motions for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) are analyzed under the same standard as motions to dismiss under Federal Rule of Civil Procedure 12(b)(6).  *See Roth v. Guzman*, 650 F.3d 603, 605 (6th Cir. 2011).  "For purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment."  *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 582 (6th Cir. 2007) (quotation omitted).  However, the court "need not accept as true legal conclusions or unwarranted factual inferences."  *Id.* at 582–83 (quotation omitted).

To withstand a Rule 12(c) motion for judgment on the pleadings, "a complaint must contain direct or inferential [non-conclusory] allegations respecting all the material elements under some viable legal theory."  *Commercial Money Ctr., Inc. v. Ill. Union Ins. Co.*, 508 F.3d 327, 336 (6th Cir. 2007).  "The factual allegations in the complaint need to be sufficient to give notice to the

---

[2] Judge Skelton does not join the Board's motion.

defendant as to what claims are alleged, and the plaintiff must plead 'sufficient factual matter' to render the legal claim plausible, *i.e.*, more than merely possible." *Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A "legal conclusion couched as a factual allegation" need not be accepted as true, nor are recitations of the elements of a cause of action sufficient. *Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

### III.

The Board argues that its authority is circumscribed by Ohio statutory law. Doc. No. 21 at PageID 106. In its view, it cannot hire or fire an employee unless expressly permitted by statute. *Id.* Common Pleas Court judges, the Board explains, are statutorily tasked with the appointment and oversight of judicial employees who serve at the pleasure of the judge for whom they work. *Id.* (citing Ohio Rev. Code § 2301.12). Because it was Judge Skelton, and not the Board, who hired and fired Plaintiff, the Board's position is that it was not, and as a matter of law could not be, Plaintiff's employer. *Id.*

FMLA regulations define "employer" as "any public agency" and "any person acting, directly or indirectly, in the interest of a covered employer to any of the employees of the employer." 29 C.F.R. § 825.104(a). "Normally, the legal entity which employs the employee is the employer under the FMLA." *Id.* "To determine whether a particular defendant is the 'employer' of a plaintiff, the Court of Appeals for the Sixth Circuit has held that a court must look to whether the alleged employer exercises control over the manner and means of plaintiff's work." *Onuoha v. Greene Cnty. Bd. of Comm'rs*, No. 3:15-cv-047, 2015 WL 7820633, at *5 (S.D. Ohio Nov. 12, 2015) (quoting *Smith v. Grady*, 960 F. Supp. 2d 735, 745 (S.D. Ohio 2013)), *report and recommendation adopted by* 2015 WL 7871352 (S.D. Ohio Dec. 3, 2015)). Whether an alleged employer exercised sufficient control over the plaintiff's work turns on a totality of the

3

circumstances analysis. *See, e.g.*, *Williams v. Franklin Cnty. Mun. Ct.*, No. 2:10-cv-1155, 2011 WL 13160383, at *3 (S.D. Ohio Aug. 22, 2011).

More than one entity can function as the employer of a single employee. Under the single or integrated employer test, two or more entities can be considered a sole employer if the "'two nominally independent entities are so interrelated' that all of the employees of one are attributed to the other." *Sanford v. Main St. Baptist Church Manor, Inc.*, 449 F. App'x 488, 491 (6th Cir. 2011) (quoting *Swallows v. Barnes & Noble Book Stores, Inc.*, 128 F.3d 990, 993 n.4 (6th Cir. 1997)). Two separate entities can be joint employers if both "maintain[] sufficient control over some or all of the formal employees of another [entity] as to qualify as those employees' employer." *Id.* "One entity is the joint employer of another entity's formal employees, and thus liable under federal and state anti-discrimination laws, if the two 'share or co-determine those matters governing essential terms and conditions of employment.'" *Id.* at 492 (quoting *Carrier Corp. v. NLRB*, 768 F.2d 778, 781 (6th Cir. 1985)).

In *Williams*, the plaintiff was a municipal court interpreter who sued the City of Columbus (the "City") and its municipal court for sexual harassment allegedly perpetrated by a municipal court judge. *Id.* at *1. Ohio Rev. Code § 1907.201 provides that municipal court judges "may appoint an interpreter . . . who shall serve at the pleasure of the appointing judge . . . and who shall receive compensation as prescribed by the board of county commissioners from the country treasury." Ohio Rev. Code § 1907.201(A). Citing this statute, the City argued that the municipal court was the plaintiff's sole employer for federal and state discrimination law purposes. *Williams*, 2011 WL 13160383, at *3.

On summary judgment, the court found there was a genuine dispute of material fact concerning whether the City and the municipal court functioned as the plaintiff's joint employer.

4

*Williams v. City of Columbus*, 892 F. Supp. 2d 918, 930–31 (S.D. Ohio 2012). While the City had no authority to hire, fire, or discipline the plaintiff, or other employees hired under Ohio Rev. Code § 1907.201, the City did pay the plaintiff and administered her benefits. *Id.* The City also represented to the state pension system that the plaintiff was a City employee. *Id.*

Likewise, Plaintiff here has plausibly alleged the Board was his joint employer. Plaintiff was paid from the Montgomery County treasury. Ohio Rev. Code § 2301.12(E). His correspondence with Montgomery County human resources representatives also suggests that Common Pleas Court administrative staff may be subject to similar employment policies or benefits packages as other county employees. Doc. No. 23-1 at PageID 119–22. Discovery should shed light on the nature of the relationship between Common Pleas Court staff and Montgomery County. For that reason, the Court anticipates revisiting the Board's current arguments on summary judgment later in this litigation.

### IV.

Accordingly, the Court **DENIES** the Board's motion for judgment on the pleadings. Doc. No. 21.

**IT IS SO ORDERED**.

Date: October 5, 2021            s/Michael J. Newman
                                                           Hon. Michael J. Newman
                                                           United States District Judge